(Licking County Ohio Common Pleas.)

## EMMA M. KISLINGBERY v. THIMOTHY O. DONOVAN.

---

(1.)   The appellate jurisdiction of the circuit and common pleas courts are matters of general nature, and any statute affecting them must conform to the provision of section 26, article 2 of the constitution, and have a uniform operation throughout the state.

(2.)   The act of the General Assembly,

passed April 27, 1896, entitled "An act to amend section 1, of an act entitled 'An act to confer further jurisdiction upon probate courts in certain counties therein named' passed May 19, 1894," does not have a uniform operation throughout the state, and is repugnant to section 26, article 2, of the constitution in two respects: (1.) In that it deprives the common pleas court of jurisdiction to reverse, vacate or modify judgments of the probate court, in the matters in which jurisdiction is conferred in said article 2. In that it confers appellate jurisdiction in said matters upon the circuit court.

(3.) The part of section 1 of said act so depriving the common pleas court of error jurisdiction, and conferring appellate jurisdiction on the circuit court, being unconstitutional, and being so connected and involved in the scheme of the legislature to establish the jurisdiction of the probate court, in the matters contained in the act, the conclusion is irresistible that it would not have passed that part of the act conferring the jurisdiction on on the probate court without making provisions for appellate jurisdiction.

The whole act is therefore vitiated by the unconstitutional part, and is unconstitutional.

JONES, J.,

The case of *Emma M. Kislingbery* v. *Thimothy O. Donovan,* is submitted to the court upon a demurrer to the petition. It is a suit brought to enjoin the sale of certain real estate in Newark, under an order made by the probate court, in July, of last year, in a suit there, wherein Thimothy O. Donovan was plaintiff, and Emma M. Kislingbery was defendant, in which a judgment was recovered by Thimothy O. Donovan, against Emma M. Kislingbery, and an order of sale, under a mortgage. The petition alleges that, by an act of the legislature, passed April 27th, 1896, found in Vol., 92, Ohio Laws, page 643, there was conferred upon the probate court, by the terms of the statute, jurisdiction in foreclosure cases, partition cases, divorce and alimony, and some other cases perhaps; and the petition claims that the probate court was without authority, because that statute was unconstitutional, as being repugnant to article 2, section 26; and the only question submitted by this demurrer is whether that statute of 1896 is constitutional.

There was an act passed May 19, 1894, Vol., 91, Ohio Laws, page 799, in which such jurisdiction was conferred upon five counties, Licking county was added to the other counties.

The only question presented, as I have said, by this demurrer, and the only question considered now is: Whether the act of April 27, 1896, is constitutional.

A claim is made here that, if this act is unconstitutional, then the repealing clause contained in it fails, and the act of 1894, remains in force. But, that act not conferring power upon the probate court of Licking county, it is immaterial, in the consideration of this case, as to whether the probate court of Licking county, has jurisdiction, whether the repealing clause fails or not; because, if this act is unconstitutional, and the act of 1894 remains in force, yet, the probate court of Licking county has not jurisdiction, because that act does not confer it.

The act of 1896, Vol.,92, Ohio Laws, page 643, reads as follows:

"Section 1. That the probate court in the counties of Licking, Allen, Richland, Perry and Defiance shall have concurrent jurisdiction with the court of common pleas in all proceedings in divorce, alimony, foreclosure and partition, and the probate court in each of said counties shall hold four terms annually for the hearing and trial of such causes, to wit: One term commencing the first Monday in January, one term commencing the first Monday in April, one term commencing the first Monday in July, and one term commencing the first Monday in October, provided that litigants shall have as heretofore, the same right of appeal and error from the probate court, to the circuit court as is allowed now by appeal and error proceedings in similar cases from common pleas court to the circuit court."

Then section 2, provides that the original section of the act of May 19, 1894, be repealed.

There is another section, but it in no way concerns the question before the court now.

The question is: Is this act constitutional? It is not objected that his action is not properly brought; that if the act is unconstitutional the relief prayed for should not be granted. And, indeed, it could not; because, this judgment and order being directly attached, if the court is without power to render it, why then should it be enjoined.

A grave responsibility rests upon any court required to decide upon the constitutionality of any act of the General Assembly. The presumption is in favor of the constitutionality. The repugnancy to any provision of the constitution must clearly appear in order to justify a court in declaring an act void for that repugnancy. The court must be clearly convinced.

It is claimed that this act is repugnant to article 2, section 26, and article 4, section 8 of the constitution.

Article 2, section 26, of the constitution reads as follows:

"All laws, of a general nature, shall have a uniform operation throughout the state; nor, shall any act, except such as relate to public schools, be passed, to take effect upon the approval of any other authority than the general assembly, except as otherwise provided in this constitution."

The part of the section to which it is claimed this act is repugnant is: "All laws, of a general nature, shall have a uniform operation throughout the state."

Article 4, section 8, provides:

"The probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses, and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county or counties, as may be provided by law."

It is claimed that this statute is in contravention of article 2, section 26, of the constitution, in two respects:

First. That it deprives the common pleas court of jurisdiction.

Second. That it confers juricdiction on the circuit court. And does this in only five counties of the state.

The claim is that to deprive the common pleas court of jurisdiction, or to confer jurisdiction on the circuit court, are matters of general nature, and must have a uniform operation throughout the state, and do not have under this statute.

The jurisdiction of the court of common pleas is matter of a general nature. *Kelley* v. *The State of Ohio,* 6 Ohio St., 270, 272. I will read from the opinion on page 271.

"We have then in the constitution, first, a general, unqualified and positive prohibition or limitation of legislative power, forbidding the giving of a partial operation to any law of a general nature—or in its own affirmative terms, requiring that a uniform operation throughout the state shall be given to all laws of a general nature. Without undertaking to discriminate nicely or define with precision, it may be said that the character of a law as general or local, depends on the character of the subject matter. If that be of a general nature, existing throughout the state, in every county, a subject matter in which all the citizens have a common interest, if it be a court organized under the constitution and laws, within and for every county of the state, and possessing a legitimate jurisdiction over every citizen, then the laws which relate to and regulate it are laws of a general nature, and by virtue of the prohibition referred to, must have a uniform operation throughout the state. But the courts of common pleas in Ohio are an organization of a general nature, for the organic law of the state provides for their existence in every county; they are an important agency in the administration of justice throughout the state, and are by law clothed with a jurisdiction over every citizen. The laws then which relate to and regulate their organization and jurisdiction are laws of a general nature, and are imperatively required to have a uniform operation throughout the state. They can not be withdrawn from the operation of the plain constitutional prohibition, unless by an exemption contained in the same instrument. And that exemption to be effectual should be as explicit as the prohibition itself."

That matters relating to the court of common pleas are matters of a general nature, is also decided in *Gill* v. *Sealbridge,* 17 C. C., Rep., 300, what is called the "Butler County case;" and *In re Assignment of H. K. Roberg & Co.* 18 C. C. Rep., 367, what is called "The Insolvency Court case, of Cincinnati." I might probably as well refer to them now, as it will render it unnecessary to do so hereafter. The case of *Gill* v. *Sealbridge,* 17 C. C. Rep., 390; That was a case in which the legislature had authorized, in the county of Butler, that the probate court should have concurrent jurisdiction with that of the common pleas court, in actions for the sale of personal property, under a mortgage lien of other incumbrance, and for divorce and alimony, and for alimony, and custody of children. That is the first section This case decides that that section is not unconstitutional. And what is conceded in the argument of this case and needs no reference by the court, is: That the jurisdiction can be conferred upon the probate court of one county, or a number of counties in a state, and not conferred upon other counties; that local jurisdiction, or jurisdiction applying to a particular county, may be conferred upon the court, without conferring it upon other counties.

There is no contention in this case that that cannot be done, or that this is unconstitutional because it is done by the first part of this section.

"2. Any law which relates to and regulates the jurisdiction of the court of common pleas is a law of a general nature, and must by the terms of the constitution have a uniform operation throughout the state. Therefore section 2 of the act of May 14, 1894, (91 O. L., 791) which attempts to confer upon the court of common pleas of Butler county the right and jurisdiction to transfer to the probate court of the county all cases then pending in said com--

mon pleas court on appeal from justices of the peace, or which thereafter may be appealed to said court, to the probate court, and to confer jurisdiction on said last named court to hear and determined the same, is unconstitutional.

That is, the power that is given in that act, by a subsequent section, to transfer cases from the common pleas, was not constitutional, because it was not of uniform operation throughout the state. And the opinion sets forth that the transfer of the case then under consideration to the probate court was without authority; that the probate court had no jurisdiction to render the judgment that it rendered.

"For the same reason, section 3 of said act, which provides that in all such actions appeals from the decision of the probate court shall be filed in the circuit court, and that petitions in error to reverse such judgments of the probate court shall be filed in the circuit court, must be held to be invalid." Because it confers jurisdiction on the circuit court; and that was by section 3 of that act; and they held that these two sections, the one conferring power upon the common pleas court to transfer cases to the probate court, and the other conferring jurisdiction in error and appeal upon the circuit court from the probate court, are unconstitutional; but that the first section, conferring power upon the probate court of Butler county, it constitutional; and that is as far as the opinion goes. It would seem that the effect of this decision is to hold that, in that case, the power conferred by sections 2 and 3 is unconstitutional; but, notwithstanding that, the first section of the statute, conferring power upon the probate court, is constitutional, although nothing depends in the decision upon that matter, because they decide that the appeal is invalid, and they have no power to entertain it; and they dismissed the proceeding upon that ground.

In the matter of the assignment of H. K. Roberg & Company, 18 C. C., Rep., 367; 2nd syllabus:

"The act of April 25, 1898, (93 O. L., 669), conferring jurisdiction on the court of insolvency in certain matters, and withdrawing such matters from the jurisdiction of the common pleas court, and conferring the right to appeal or prosecute error directly from the court of insolvency to the circuit court, and withdrawing the right to appeal or prosecute error to the common pleas, is unconstitutional for lack of uniform operation." That being a law applying only to Hamilton county.

The first act was passed in 1894, establishing an insolvency court in Cincinnati, and it merely provided for jurisdiction of that court in matters of insolvency,—matters in which the common pleas court had no jurisdiction; and it did not provide for any appeal or error. In 1898, that act was amended, and there was added to the jurisdiction of the insolvency court:

"Also, in all cases for the appointment of receivers for insolvent corporations, and actions for dissolution of insolvent corporations; also, in all actions relating to injunctions in regard to the collection of taxes or assessments, or to recover back taxes which have been illegally paid; also, in all actions in replevin brought against an assignee for the benefit of creditors, or for the recovery of assets assigned to an assignee for the benefit of creditors; also, in all actions brought under sections 6352 and 6353, of the Revised Statutes of Ohio; to enforce claims which have been disallowed by the assignee for the benefit of creditors." * * * "And all laws now in force, or that may be hereafter enacted, regulating the mode and manner of proceeding in such cases by the probate court or common pleas court shall be held and deemed to extend to the said court of insolvency."

The amendment gave exclusive jurisdiction to the insolvency court of Cincinnati, of these matters, thereby withdrawing them from the jurisdiction of the common pleas court, which before had that jurisdiction. And also, by another section, it provides for appeals and error to be prosecuted from the insolvency court to the circuit court. And this same court that decided the Butler county case,—Judges Smith and Swing,—perhaps not the same judges, but the same court,—decided that those sections were unconstitutional for want of uniform operation throughout the state; and they dismissed the appeal, or error, or whatever it was, because they had no jurisdiction to hear it. This amended section embraced within the jurisdiction before granted to the insolvency court in matters of insolvent estates; and it was contented there that the repugnant part might be rejected, and that remain; but the court decided against that proposition and say that they are so connected together that it would not be presumed that the legislature would pass the repugnant, without passing the other; it was within the scheme of the legislature. In the 17 and 18 Circuit Court, it is held also that, conferring jurisdiction on the circuit court is matter of a general nature, and, therefore, must have uniform operation. That it would be conferring jurisdiction on the circuit court will appear further by considering the provisions of section 6709, of the Revised Statutes, which con-

fers error jurisdiction on the circuit court from judgments or final orders of the court of common pleas, or a judge thereof.

This proviso in the statute confers such appellate jurisdiction upon the circuit court from the final orders and judgments of the probate court, and it therefore confers jurisdiction that the circuit court did not have before.

It is conceded that jurisdiction may be conferred upon the probate court in one county differing from that of another without limit. That it may be conferred by special or general act. The first part of section 1, of the act of 1896, confers such jurisdiction upon the probate court of this county, in the matters therein set forth *inter alia.* of foreclosure suits. If there was nothing else, the jurisdiction would be unimpeachable, but the section proceeds:

"Provided that litigants shall have as heretofore, the same right of appeal and of error from the probate court, to the circuit court as is allowed now by appeal and error proceedings in similar cases from common pleas court to the circuit court."

It is claimed that the act is unconstitutional not only as to this proviso, but also as to the preceding part conferring jurisdiction upon the probate court in these matters. It is claimed, on the other hand, that there is no repugnancy to the constitution in the proviso. But, if that part of the act is unconstitutional, yet the proviso only is void, and the rest good. Is the proviso void? First: As to depriving the common pleas court of jurisdiction. That this is a statute not having a uniform operation throughout the state, cannot be doubted. Does it deprive the common pleas court of jurisdiction? It is claimed that it does, in the respect that it takes away its jurisdiction by appeal and in error from the probate court; that is, changes it. If the court of common pleas had such jurisdiction in the special matters contained in the statute,—that is, specially provided for, or such general jurisdiction in appeals or error from the probate court as would embrace these matters, then this act, giving jurisdiction to the circuit court, would affect the jurisdiction of the common pleas by depriving that court thereof; and if this is so, in case of appeal or error proceedings, it would do so.

Before the passage of the act, did the court of common pleas have such jurisdiction?

As to appeals: Section 6203 and 6407 are the only sections which provide anything like a general regulation as to appeals. Section 6203 is broad enough in its terms to allow the

court to entertain any appeal from the judgment of the probate court.

Section 6203: "Appeals shall be allowed from any final order, judgment, or decree of the probate court to the common pleas court, by any person against whom any such order, judgment or decree may be made ,or who may be affected thereby, in the same manner as is provided for appeals from the probate court to the common pleas court in other cases;" That is broad enough, but the circuit court, in the case of *Barr* v. *Closterman*, 2 C. C., Rep., 390, decided that that section refers only to such cases as are brought under section 6195, and, generally speaking, those are cases in which it is sought to make the executor or administration pay upon proceedings in settlement of estates, and do not cover the matters contained in this statute. It is so decided in the case of *Ebersole* v. *Schiller*, 50 Ohio St., 701. So that the common pleas court does not have the jurisdiction of appeals, so far as this section is concerned, in the matters contained in this statute.

Section 6407 is the other statute, but that is special, although enumerating quite a number of things.

"In addition to cases specially provided for, appeals may be taken to the court of common pleas, from any order, decision, or judgment of the probate court in settling the accounts of an executor, administrator, guardian, and trustee, and assignees, trustees and commissioners of insolvents;in proceedings for the sale of real estate for the payment of debts; in proceedings to increase or dimish the allowance made by appraisers of any estate to any widow or minor child or children for their support one year; in proceedings against persons suspected of having concealed, embezzled, or conveyed away the property of deceased persons; in cases for the completion of real contracts, and from an order or decision in the administration of insolvents' estates by assignees, trustees or commissioners; and in proceedings to appoint guardians or trustees for lunatics, idiots, imbeciles, or drunkards, by any person against whom such order, decision or decree shall be made, or who may be affected thereby; and the cause so appealed shall be tried, heard and decided in the court of common pleas, in the same manner as though the said court of common pleas had original jurisdiction thereof."

So that that does not confer appellate jurisdiction in these matters contained in this statute; so that he court finds that the court of common pleas did not have any such jurisdiction before as to appeals in matters contained in this section of the statute, and, there-

fore, it was not deprived of any appellate juris-diction.

Now is it deprived of any jurisdiction in error? Section 6708 provi les what proceedings may be taken from the probate court to the common pleas:

"A judgment rendered of final order made by a probate court, justice of the peace, or any other tribunal, board, or officer, exercising judicial functions, and inferior in jurisdiction to the court of common pleas, may be reversed, vacated, or modified by the court of common pleas."

Now, that is ample to review any judgment or final order of the probate court. So that if this statute conferred jurisdiction upon the probate court in these matters contained in it, that section would be ample to procure a review of any order /or judgment made by the probate court in such matters. This statute confers jurisdiction in such matters,—appellate jurisdiction,—and by "appellate" I mean appeal and error,—upon the circuit court.

So that, therefore, under this statute, the common pleas court does not have that jurisdiction, and is deprived of it by reason of this statute. That is, the general jurisdiction to review, and reverse or affirm, any judgment of the probate court. And it does, in that respect, deprive the common pleas court of that jurisdiction; it affects that jurisdiction and changes it. So that this proviso would be unconstitutional in that respect.

Does the statute confer jurisdiction on the circuit court? It is claimed that the circuit court had jurisdiction in these matters contained in this statute already by appeal from the common pleas, and, therefore, that it confers no new jurisdiction on the circuit court. Well, of course the circuit court has appellate jurisdiction from the common pleas in matters of foreclosure, partition, alimony, and such other matters as are embraced in this statute. That is, from the common pleas court. But, the two cases, in 17 and 18 C. C. Rep., already referred to, decide that his conferring of appellate jurisdiction in these matters is conferring jurisdiction upon the circuit court; and I think this will appear beyond any question when you consider the two sections of the statute, which confer jurisdiction, as it was before the passage of this act, upon the circuit court.

As to appeals: Section 5226:

"In addition to the cases and matters specially provided for, an appeal may be taken to the circuit court by a party or other person directly affected, from a judgment or final order in a civil action rendered by the com-mon pleas court, and of which it had original jurisdiction, if the right to demand a jury therein did not exist."

Now, that is an appeal from a judgment of the common pleas court in cases where a jury could not be demanded, and in which the common pleas court had original jurisdiction.

The error statute is section 6709:

"A judgment rendered or final order made by any court of common pleas, or a judge thereof, may be reversed, vacated, or modified by the circuit court of the county wherein such court of common pleas is located, for errors appearing upon the record." And that was the only error jurisdiction of the circuit court before the passage of this act, and both are from judgments or final orders of the court of common pleas.

Now, here is a statute conferring upon the circuit court jurisdiction to reverse or modify judgments of the probate court, and to entertain appeals from the probate court, and, in consonance with the decisions in 17 and 18 C. C. Rep., already referred to, it is the opinion of this court that it is conferring jurisdiction upon the circuit court; that it is a matter of a general nature, and should have uniform operation throughout the state, and that this statute, in these respects, is unconstitutional.

It is claimed upon the one side that the fact that this proviso,—it is not, perhaps, a proviso in the sense of a condition precedent, or anything of that kind, but because it is introduced by the word provided I call it a "proviso,"—that if this proviso is unconstitutional, it vitiates the whole statute, even that part which is constitutional. Upon the other side it is claimed that it does not. That is the remaining question in the case.

The 47 Ohio St., Rep., in the case of *Treasurere* v. *Bank,* page 523, gives the rule, (and it is as well given as it is anywhere) by which it is to be determined whether, if a section of a statute is unconstitutional, it vitiates the balance of the statute. It is not necessary to refer to the facts in this case at all, but simply to what the court says upon that subject:

"The question arises, however, whether, if that portion of the section ic declared wholly or in part unconstitutional and void, it may not result in invalidating the entire section. As one section of a statute may be repugnant to the constitution without rendering the whole act void, so, one provision of a section may be invalid by reason of its not conforming to the constitution, while all the other provisions may be subject to no constitutional

infirmity. One part may stand, while another will fall, unless the two are so connected, or dependent on each other in subject-matter, meaning or purpose, that the good cannot remain without the bad. The point is, not whether the parts are contained in the same section, for, the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance—whether the provisions are so interdependent that one cannot operate without the other. As said by Waite, C. J., in *Allen v. Louisiana*, 103 U. S., 80, 84, 'the point to be determined is whether the unconstitutional provisions are so connected with the general scope of the law as to make it impossible, if they are stricken out, to give effect to what appears to have been the intent of the legislature."

Substantially the same rule is laid down in *Bowles v. State*, 37 Ohio St., Rep., 35, and in *Southerland on Statutory Construction*, section 169.

Now, then; the point to be determined is, whether the unconstitutional provisions are so connected with the general scope of the law as to make it impossible, if they are stricken out, to give effect to what appears to have been the intent of the legislature.

It is contended that he legislature intended to confer jurisdiction on the probate court in these matters; that was the object of the legislature; that these other matters are merely incidental,—that is, the matter of appeal and error,—and that the legislature would enact the provisions as to jurisdiction into a law without providing for appeal and error.

The legislature did pass a law, in 1894, conferring jurisdiction on five other counties without making any provision for appeal or error; and, to say that the legislature would not have passed the part of the act conferring jurisdiction and not provided for appeal and error, would be limiting, I think, the ignorance of the legislature somewhat and their want of care a good deal. But here this legislature's attention was called, we may presume, to the fact that, under the old law, it changed the jurisdiction of the court of common pleas in matters of error, and that there was no provision for appeal from the decisions of the probate court upon these matters contained in the statute at all; that there was no forum in which the facts of the case could be tried and the case decided upon its merits, as of original jurisdiction, except in the probate court. Now, the legislature's attention having been called to that matter, is it it to be presumed, or can it be presumed, that the legislature would confer jurisdiction upon the pro-

bate court without making provision for appeals from the probate court to some other court? The legislature, in all matters which have occurred in the probate court, and in the common pleas court, and all courts of inferior jurisdiction to that, have scrupulously made provision for proceedings in error or appeal, and sometimes both.

Now, is it to be supposed for one moment that the legislature would place exclusive original jurisdiction on the hands of the probate court, a court that is not required to have the requisites and qualities of a trained legal education, and leave it there when the legislature's attention is called to it? I think the question answers itself: That it is not to be presumed for a moment, taking our system of jurisprudence, taking the fact that in all other cases they have provided for error proceedings and appeals from the probate court, that they would leave these cases simply to the exclusive original jurisdiction of the probate court. I do not think they would, although they did it by inadvertence in 1864.

That question being answered in that way, there is only one decision that this court can render, and that is: That the law is altogether unconstitutional. The temporary injunction in this case will be made perpetual.